UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| KELLY WHITAKER, ) | |
| ) | Case No. 1:20-cv-05170 |
| Plaintiff, ) | |
| ) | Hon. Judge Harry D. Leinenweber |
| v. ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| MIDLAND CREDIT MANAGEMENT, INC. ) | |
| and ENCORE CAPITAL GROUP, INC., ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |

Now comes the Plaintiff, KELLY WHITAKER ("Plaintiff"), by and through her attorneys, and for her First Amended Complaint against the Defendants, MIDLAND CREDIT MANAGEMENT, INC. and ENCORE CAPITAL GROUP, INC. (collectively "Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. On information and belief, Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland") is a corporation of the State of Kanas, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in San Diego, California.

6. On information and belief, Defendant ENCORE CAPITAL GROUP, INC. ("Encore") is a corporation of the State of Delaware, which is not registered with the Secretary of State to do business in Illinois, and which has its principal place of business in San Diego, California.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

8. At all relevant times, Defendants both acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that they each held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

9. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

10. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

11. Defendants are both a "person" as defined in 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. Beginning during or about 2018, Plaintiff began receiving a high volume of automated telephone calls placed by Defendants to Plaintiff's cellular telephone number ending in -5846, in attempts to collect the aforementioned alleged debt.

13. When Plaintiff would answer Defendants' telephone calls, she would first hear a clicking sound, then silence on the line, before a live representative would begin speaking. This is indicative of the use of an automatic telephone dialing system.

14. On multiple occasions during 2019 and 2020, Plaintiff spoke with an employee, agent and/or representative of Defendants, and requested that Defendants stop placing telephone calls to Plaintiff.

15. Despite Plaintiff's repeated requests that Defendants cease placing telephone calls to her, Defendants placed numerous telephone calls to Plaintiff's cellular telephone after such requests were made.

16. On information and belief, Defendants placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

17. On information and belief, Defendants routinely use an automatic telephone dialing system and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of their business.

18. Plaintiff did not give Defendants her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendants to contact her in this manner was terminated and revoked as set forth above.

19. Defendants' telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

20. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephones;

    c. Wasting Plaintiff's time;

    d. Risk of injury due to interruption and distraction when receiving unwanted telephone calls from Defendants;

    e. Depletion of Plaintiff's cellular telephone batteries;

    f. The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

    g. Stress, aggravation, emotional distress, and mental anguish.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 20 above as if reiterated herein.

22. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

23. Defendants' telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

24. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25. As a result of Defendants' negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendants for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendants;

   b. Judgment against Defendants for Plaintiff's witness fees, court costs and other litigation costs; and

   c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 20 and 22 through 23 above as if reiterated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

28. As a result of Defendants' knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendants;

    b. Judgment against Defendants for Plaintiff's witness fees, court costs and other litigation costs; and

    c. Any other relief deemed appropriate by this Honorable Court.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 20 above as if reiterated herein.

30. Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at a time or place which was known or which should have been known to be inconvenient to Plaintiff, as evidenced by Defendants' repeated telephone calls placed to Plaintiff after Plaintiff unequivocally requested that Defendants cease placing such telephone calls to her.

31. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt, as evidenced by Defendants' repeated telephone calls placed to Plaintiff after Plaintiff unequivocally requested that Defendants cease placing such telephone calls to her.

6

32. Defendants violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephones to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass, as evidenced by Defendants' repeated telephone calls placed to Plaintiff after Plaintiff unequivocally requested that Defendants cease placing such telephone calls to her.

33. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt, as evidenced by Defendants' repeated telephone calls placed to Plaintiff after Plaintiff unequivocally requested that Defendants cease placing such telephone calls to her.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendants for all actual damages incurred by Plaintiff, plus $1,000 in statutory damages, for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a);

b. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Any other legal and/or equitable relief as the court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

KELLY WHITAKER

By: <u>/s/ David B. Levin</u>
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com